*Rocky Branch Timberlands LLC, et al. v.*
*United States, et al.* **(11th Cir. – No. 22-12646)**

# CERTIFICATE OF INTERESTED PERSONS AND CORPORATE DISCLOSURE STATEMENT

## C-1 of 2

Counsel for the Defendants-Appellees hereby certifies, pursuant to Federal Rule of Appellate Procedure 26.1 and Eleventh Circuit Rule 26.1-1, that the following persons have an interest in the outcome of this appeal or have participated in this case as attorneys or judges:

Brown, Michael L., United States District Court Judge

Haungs, Michael J., Deputy Chief, Appellate Section, U.S. Department of Justice, Tax Division

Hubbert, David A., Deputy Assistant Attorney General, U.S. Department of Justice, Tax Division

Internal Revenue Service, Defendant-Appellee

Journy, Matthew T., attorney for Plaintiffs-Appellants

Kelley, Bryan, Plaintiff

Klimas, Geoffrey J., attorney for Defendants-Appellees

Little, Jr., Samuel Fenn, attorney for Plaintiffs-Appellants

Rocky Branch Investments LLC, Plaintiff-Appellant

Rocky Branch Timberlands LLC, Plaintiff-Appellant

*Rocky Branch Timberlands LLC, et al. v.*
*United States, et al.* **(11th Cir. – No. 22-12646)**

# CERTIFICATE OF INTERESTED PERSONS AND CORPORATE DISCLOSURE STATEMENT

## C-2 of 2

Stork, Rebecca, attorney for Plaintiffs-Appellants

Ugolini, Francesca, Chief, Appellate Section, U.S. Department of Justice, Tax Division

United States of America, Defendant-Appellee

Vanaskie, Thomas K., attorney for Defendants-Appellees

Volkmann, Lee, Internal Revenue Service Manager, Defendant-Appellee

Young, Forrest T., attorney for Defendants-Appellees

IN THE UNITED STATES COURT OF APPEALS
FOR THE ELEVENTH CIRCUIT

| | |
|---|---|
| ROCKY BRANCH TIMBERLANDS LLC<br>and ROCKY BRANCH INVESTMENTS LLC,<br><br>Plaintiffs-Appellants,<br><br>v.<br><br>UNITED STATES OF AMERICA,<br>INTERNAL REVENUE SERVICE,<br>and IRS MANAGER LEE VOLKMANN,<br><br>Defendants-Appellees. | No. 22-12646 |

**APPELLEES' MOTION FOR SUMMARY AFFIRMANCE**

The defendants-appellees United States, Internal Revenue Service ("IRS"), and IRS Manager Lee Volkmann (collectively, "the Government") respectfully move this Court to summarily affirm the judgment of the United States District Court for the Northern District of Georgia dismissing the instant action for lack of jurisdiction. On August 17, 2022, this Court affirmed the dismissal of a materially indistinguishable suit, which was brought by the same attorneys, for lack of jurisdiction. *See Hancock Cty. Land Acquisitions, LLC v. United States*, No. 21-12508, 2022 WL 3449525 (11th Cir. 2022) (per curiam).

There is no substantial question that the same result should follow here, and summary affirmance is appropriate.

## BACKGROUND

This suit arises out of an IRS examination of the 2017 partnership tax return filed by Rocky Branch Timberlands LLC ("Rocky Branch"). During that examination, Rocky Branch's tax matters partner requested the opportunity to pursue an administrative appeal of any proposed adjustments to Rocky Branch's return before the IRS issued a notice of final partnership administrative adjustment ("FPAA"). The IRS declined the request.[1] (Doc. 17 at pp. 15-19; *see also* Doc. 31 at pp. 2-4.)

Rocky Branch and its tax matters partner filed the instant suit in District Court under the Administrative Procedure Act ("APA"), 5 U.S.C. § 551, *et seq.*, seeking injunctive and declaratory relief preventing the IRS from issuing an FPAA until after Rocky Branch was provided the opportunity to pursue an administrative appeal. However, they did not seek a preliminary injunction to that effect. While the case

---

[1] "Doc." refers to the documents of record as numbered by the Clerk of the District Court.

was pending, the IRS issued an FPAA disallowing approximately $27.5 million of deductions claimed on Rocky Branch's return, including an approximately $26.5 million deduction for the donation of a conservation easement. (Doc. 1; Doc. 17 at pp. 23, 27-28; Doc. 19-2; Doc. 31 at p. 4.)

After the IRS issued the FPAA, Rocky Branch and its tax matters partner filed a petition to the Tax Court challenging the adjustments contained therein. That separate Tax Court case remains pending. (Doc. 19-2; *Rocky Branch Timberlands, LLC, et al. v. Commissioner*, No. 027505-21 (T.C.); *see also* Doc. 31 at p. 9.)

The District Court dismissed the instant suit for lack of jurisdiction. As relevant here, the court held that the purpose of the suit was to restrain the assessment and collection of taxes; therefore, it was barred by the Anti-Injunction Act ("AIA"), 26 U.S.C. ("I.R.C.") § 7421(a), and the tax exception to the Declaratory Judgment Act ("DJA"), 28 U.S.C. § 2201(a). (Doc. 31 at pp. 7-10; Doc. 32.)

## ARGUMENT

1. "Summary disposition is appropriate … where 'the position of one of the parties is clearly right as a matter of law so that there can

- 4 -

be no substantial question as to the outcome of the case.'" *United States v. Vega-Mendoza*, 796 F. App'x. 589, 590 (11th Cir. 2019) (quoting *Groendyke Transp., Inc. v. Davis*, 406 F.2d 1158, 1162 (5th Cir. 1969)). This standard is manifestly satisfied here.

2. The threshold question in this case is identical to the question that this Court recently addressed in *Hancock County Land Acquisitions, LLC*, *supra*: do the Anti-Injunction Act and the tax exception to the Declaratory Judgment Act divest a court of jurisdiction over an APA suit seeking to prevent the IRS from issuing an FPAA until after the partnership has been provided the opportunity to pursue an administrative appeal? As discussed below, this Court answered that question in the affirmative, in a case involving nearly indistinguishable facts, thereby removing any colorable argument that a different result should follow here.

a. In *Hancock*, this Court considered the effect of the Anti-Injunction Act and the tax exception to the Declaratory Judgment Act on a materially indistinguishable case, which was filed by Hancock County Land Acquisitions LLC ("Hancock") and its tax matters partner. 2022 WL 3449525 at *1. The Court began with the text of the AIA. *Id.*

- 5 -

at *2.  With exceptions not relevant here, the AIA provides that "no suit for the purpose of restraining the assessment or collection of any tax shall be maintained in any court by any person."  *Id.* (quoting I.R.C. § 7421(a)).  To determine whether a suit seeks to restrain the assessment or collection of taxes, the Supreme Court has examined "'the action's objective aim—essentially, the relief the suit requests.'"  *Id.* (quoting *CIC Servs., LLC v. Internal Revenue Serv.*, 141 S. Ct. 1582, 1589 (2021)).

Applying this standard, the Court observed that the Hancock plaintiffs' amended complaint sought "to prevent the IRS from issuing an FPAA" until an administrative appeal was provided.  *Hancock*, 2022 WL 3449525 at *2.  The Court further observed that the IRS had issued an FPAA disallowing millions of dollars in deductions claimed on Hancock's partnership tax return, and the issuance of the FPAA was a "statutory prerequisite" to assessing taxes attributable to the disallowed deductions.  *Id.*  Because enjoining the FPAA "would restrain the IRS from assessing and collecting those taxes," the suit was "barred by the AIA."  *Id.*

This Court acknowledged the Hancock plaintiffs' argument that, under the Supreme Court's decision in *CIC Services*, *supra*, the Anti-Injunction Act does not bar a suit that "challenges only unlawful IRS conduct, not the assessment of a tax." *Hancock*, 2022 WL 3449525, at \*2. However, it held that three considerations led to the conclusion that the plaintiffs' suit was—unlike CIC Services' suit challenging a reporting requirement—"[a]t its heart … 'a dispute over taxes.'" *Id.* (quoting *CIC Servs.*, 141 S. Ct. at 1593). First, the Hancock plaintiffs were not "subject to any 'costs separate and apart'" from the taxes that might result from the FPAA. *Id.* (quoting *CIC Servs.*, 141 S. Ct. at 1591). Second, the Hancock plaintiffs brought suit when they were "on 'the cusp of tax liability.'" *Id.* (quoting *CIC Servs.*, 141 S. Ct. at 1591). Third, the Hancock plaintiffs were not subject to potential criminal liability if they chose to forgo a pre-enforcement challenge and challenge the FPAA in a refund suit. *Id.* (citing *CIC Servs.*, 141 S. Ct. at 1592).

    b.    This Court also considered whether the Hancock plaintiffs' suit fell within the exception to the Anti-Injunction Act articulated by the Supreme Court in *Enochs v. Williams Packing & Navigation Co.*,

- 7 -

370 U.S. 1 (1962). *Hancock*, 2022 WL 3449525, at *3. Under the *Williams Packing* exception, a suit that would otherwise be barred by the AIA may nonetheless proceed if the plaintiffs establish that (i) "they will 'suffer irreparable injury'" absent an injunction and (ii) "'it is clear that under no circumstances could the [IRS] ultimately prevail.'" *Id.* (quoting *Williams Packing*, 370 U.S. at 7).

The Court held that the Hancock plaintiffs could not "make either showing." *Hancock*, 2022 WL 3449525, at *3. They could not establish irreparable injury because their parallel proceeding in Tax Court provided a remedy for any violation of the provision governing administrative appeals, *i.e.*, I.R.C. § 7803(e)(4). *Id.* (citing *Rosen v. Cascade Int'l, Inc.*, 21 F.3d 1520, 1527 (11th Cir. 1994)) (irreparable injury is one for which there is no adequate remedy at law). Nor could they establish they were certain to prevail on their argument that I.R.C. § 7803(e)(4) provided them an absolute right to an administrative appeal, much less a pre-FPAA administrative appeal. *Id.*

c.    Finally, having determined that the Anti-Injunction Act barred the injunctive relief requested by the Hancock plaintiffs, this Court turned to their requested declaratory relief. *Hancock*, 2022 WL

3449525, at *3.  It noted that, under controlling precedent, the tax exception to the Declaratory Judgment Act "'is at least as broad as the prohibition of the Anti-Injunction Act.'"  *Id.* (quoting *Alexander v. Ams. United Inc.*, 416 U.S. 752, 759 n.10 (1974)).  Because the AIA barred the Hancock plaintiffs from seeking injunctive relief, "it follow[ed] that the tax exception to the DJA bars the declaratory relief Hancock seeks."  *Id.* (citing *Alexander*, 416 U.S. at 759 n.10; *Mobile Republican Assembly v. United States*, 353 F.3d 1357, 1362 n.6 (11th Cir. 2003)).

3.    There is no material difference between the Hancock plaintiffs' suit and the instant action.  Both Hancock's tax matters partner and Rocky Branch's tax matters partner received an FPAA disallowing millions of dollars of deductions claimed for the donation of a conservation easement.  (*Hancock*, 2022 WL 3449525, at *1; Doc. 19-2.)  Both the Hancock plaintiffs and the Rocky Branch plaintiffs filed an APA suit in district court that sought injunctive and declaratory relief invalidating the FPAA.  (*Hancock*, 2022 WL 3449525, at *1; Doc. 17 at pp. 27-28.)  Both the Hancock plaintiffs and the Rocky Branch plaintiffs argued that, absent their requested relief, the IRS would be able "to immediately assess a tax."  (*Hancock*, 2022 WL 3449525, at *1; Doc. 22

at p. 25.) And both the Hancock plaintiffs and the Rocky Branch plaintiffs remained free to raise, in their parallel Tax Court case, arguments concerning their alleged right to a pre-FPAA administrative appeal. (*Hancock*, 2022 WL 3449525, at *3; Doc. 31 at p. 9.) Accordingly, the Anti-Injunction Act and the tax exception to the Declaratory Judgment Act bar this suit, just as they barred the Hancock plaintiffs' suit.

To be sure, this Court's opinion in *Hancock* was unpublished and therefore does not constitute binding precedent. *United States v. Futrell*, 209 F.3d 1286, 1289 (11th Cir. 2000) (citing Cir. R. 36-2). However, it remains persuasive authority. *Id.* Indeed, *Hancock* carries particular persuasive value, as it simply applied Supreme Court decisions, precedential decisions of this Court, and the plain text of congressionally-enacted statutes to a substantially identical fact pattern. Accordingly, there is no colorable argument that a different result should follow here.

## CONCLUSION

Based on the foregoing, the judgment of the District Court should be affirmed without further proceedings.

Respectfully submitted,

DAVID A. HUBBERT
  *Deputy Assistant Attorney General*

/s/ Geoffrey J. Klimas
FRANCESCA UGOLINI
MICHAEL J. HAUNGS
GEOFFREY J. KLIMAS
  *Attorneys*
  *Tax Division, Appellate Section*
  *U.S. Department of Justice*
  *Post Office Box 502*
  *Washington, D.C. 20044*
  *(202) 307-6346*
  *Attorney for the Appellees*

Of Counsel:
RYAN K. BUCHANAN
  *United States Attorney*

OCTOBER 3, 2022

# CERTIFICATE OF COMPLIANCE

With Type-Volume Limitation, Typeface Requirements,
and Type Style Requirements

1. This motion complies with the type-volume limitation of Fed. R. App. P. 27(d) because:

   [X]  this motion contains <u>1,666</u> words, excluding the parts thereof exempted by Fed. R. App. P. 32(a)(7)(B)(iii), *or*

   [ ]  this motion uses a monospaced typeface and contains [*state the number of*] lines of text, excluding the parts thereof exempted by Fed. R. App. P. 32(a)(7)(B)(iii).

2. This motion complies with the typeface requirements of Fed. R. App. P. 32(a)(5) and the type style requirements of Fed. R. App. P. 32(a)(6) because:

   [X]  this motion has been prepared in a proportionally spaced typeface using Microsoft Word 2010 in 14-point Century Schoolbook, *or*

   [ ]  this motion has been prepared in a monospaced typeface using [*state name and version of word processing program*] with [*state number of characters per inch and name of type style*].

(s) <u>   /s/ Geoffrey J. Klimas           </u>

Attorney for <u>Appellees          </u>

Dated: <u>October 3, 2022        </u>